IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| FROSTY TREATS, INC., FROSTY TREATS OF LOUISVILLE, INC., FROSTY TREATS WHOLESALE, INC. AND FROSTY TREATS OF ATLANTA, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC.,<br><br>Defendant. | Case No. 03-378-CV-W-SOW |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE ITS RESPONSES TO DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF DR. BRIAN TILL AND PHILIP JOHNSON

Defendant, Sony Computer Entertainment America Inc. ("SCEA") responds to Plaintiffs' Motion for Extension of Time as follows:

1. SCEA filed two *Daubert* motions on October 1, 2003, pursuant to this Court's order dated June 3, 2003 requiring that all motions except motions in limine be filed on October 1, 2003. Plaintiffs' time to respond to SCEA's *Daubert* motions was October 14, 2003. On the date their responses were due, Plaintiffs requested a seventeen (17) day extension from October 14, 2003 to October 31, 2003. The duration of the requested extension is even greater than the original amount of time provided for response under Local Rule 7.1(d), which is twelve (12) days.

2. SCEA does not oppose a 10 day extension, to October 23, or, in the alternative, an extension of 7 days after receipt of SCEA's court-ordered document production, for Plaintiffs to file their responses to SCEA's *Daubert* motions. Extending Plaintiffs' response time to the same date as their response to SCEA's summary judgment motion, however, would force all of SCEA's reply briefs to be due at nearly the same time. This is prejudicial and unfair to SCEA.

1324895v1

3. Pursuant to the Court's oral ruling of October 9, 2003, SCEA is engaging in extraordinary efforts to produce the licenses and sales information that the Court ordered SCEA to produce. SCEA expects to complete the court ordered production shortly.

4. Plaintiffs' suggestion that they need the court ordered financial documents in order to respond to SCEA's *Daubert* motions is not well-founded. Plaintiffs requested and the Court ordered that SCEA produce licenses and financial documentation.

5. The subjects of SCEA's *Daubert* Motions are the expert report and testimony of Philip Johnson, Plaintiffs' survey expert and the expert report and testimony of Brian Till, Plaintiffs' "linkage" expert who seeks to "link" the *Small Brawl* game to the earlier *Twisted Metal* games. Plaintiffs can point to no overlap between licenses and sales data, and a consumer survey report. Moreover, while Plaintiffs may attempt to support Till's "linkage" theories by showing some alteration in sales, Till's theory must be rejected due to a complete absence of a scientific basis for and peer acceptance of the theory. SCEA's sales numbers will not assist Plaintiffs in resurrecting Till's unsupportable theories.

6. Nor does the court ordered financial information have any bearing on a response to SCEA's Summary Judgment Motion. SCEA's Summary Judgment Motion addresses only liability issues and the court ordered production of financial information, which is relevant if at all only to damage issues, will have no bearing on that Motion.

7. The expert report of Dr. Till is not even mentioned in SCEA's Summary Judgment Motion. A ruling on the Till motion will have no impact on the summary judgment motion. While SCEA agrees that a ruling in SCEA's favor on the Johnson *Daubert* motion will have an impact on the outcome of the summary judgment motion, that is not at all the same as saying the Johnson *Daubert* motion is "inextricably intertwined" with the summary judgment motion. SCEA's Summary Judgment Motion reflects a single legal inquiry regarding whether the questions in Mr. Johnson's survey are legally relevant. Thus, SCEA's Summary Judgment motion is independent and stands on its own with respect to Plaintiffs' consumer survey.

WHEREFORE, SCEA respectfully requests that the Court reject Plaintiffs' request for a seventeen (17) day extension and suggests instead a 10 day extension, to October 23, or, in the alternative, an extension of 7 days after receipt of SCEA's court-ordered document production.

Dated: October 15, 2003

Respectfully submitted,

/s/ Eric A. Buresh
B. Trent Webb, MO Bar No. 40778
Rob Adams, MO Bar No. 34612
Eric A. Buresh, MO Bar No. 53485
W.D. MO #KS-000369
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118
Phone: (816) 474-6550
Facsimile: (816) 421-5547
Counsel for Sony Computer Entertainment America Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2003, a true and accurate copy of the above and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE ITS RESPONSES TO DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF DR. BRIAN TILL AND PHILIP JOHNSON** was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to notice, namely:

R.B. Miller III
Timothy K. McNamara
David R. Barnard
Lathrop & Gage, LC
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000 – Telephone
(816) 292-2001 – Facsimile

/s/ Eric A. Buresh
Attorney for Sony Computer Entertainment America Inc.

1324895v1